United States District Court
Middle District of Florida
Orlando Division

**HEATHER MARIE CERBASI,**

    *Plaintiff,*

v.                                          No. 6:18-cv-1117-Orl-37PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order[1]

Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Heather Cerbasi's applications for disability benefits and supplemental security income and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 27, 28, 29. She now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $5581.55 in attorney's fees.[2] Doc. 31. The Commissioner does not oppose the request. Doc. 31 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not

---

[1]The parties have consented to Magistrate Judge jurisdiction to decide the fees motion. *See* Doc. 32 (consent form signed by The Honorable Wendy Berger).

[2]Cerbasi separates the motion and memorandum of law. *See* Doc. 31 (motion), Doc. 31-1 (memorandum attached as exhibit). Under Local Rule 3.01(a), "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than 25 pages."

substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must allege that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Cerbasi prevailed because the Court ordered a sentence-four remand. Docs. 27, 28, 29. Her November 25, 2019, request, Doc. 31, was timely because she made it within thirty days of when the Court's September 17, 2019, judgment, Doc. 30, became final. She represents that her net worth did not exceed $2 million when she filed this case, Doc. 31 at 1–2, and the Court accepts that representation. Cerbasi's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 31 at 2, Doc. 31-1 at 3, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Cerbasi is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of

living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" about reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may

make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Cerbasi is represented by Shea A. Fugate, Esquire. According to a declaration by Fugate, she has been licensed to practice law in Florida since 1996, has since worked on social-security cases before the agency and courts, and that type of work accounts for more than 95 percent of her practice. Doc. 31-2 at 1. She has handled more than 2000 social-security cases, and when she consults with other attorneys in social-security cases, she is paid an hourly rate of $200 (or $250 if serving as an expert). Doc. 31-2 at 2.

Cerbasi submits a "Schedule of Hours" from Fugate's firm. Doc. 31-2 at 3–4. Fugate spent 27.7 hours on the case between July 2018 and November 2019. Doc. 31-2 at 3–4. The schedule shows the tasks she performed and the time she took to perform them. Tasks included preparing the complaint, meeting with or talking to Cerbasi, reviewing the administrative record, and preparing the brief. Doc. 31-2 at 3–4. The administrative record is more than 1000 pages. Docs. 17–17-6.

Cerbasi's $5581.55 request is based on the total time (27.7 hours) multiplied by $201.50. Doc. 31 at 1, Doc. 31-1 at 2–3, Doc. 31-4. The $201.50 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the average CPI index for 2018 (when Cerbasi filed the complaint). Doc. 31-4.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Fugate performed her work. The $201.50 rate that Cerbasi proposes for Fugate's work is appropriate (and slightly less than the rate Cerbasi could have sought for the work Fugate performed in 2019). *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited December 5, 2019).

On the reasonableness of the hours, none of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 30-2 at 3–4. The number of hours is reasonable.

Using the number of hours (27.7) and requested rate ($201.50), attorney's fees of $5581.55 are reasonable.

Because Cerbasi is eligible and the attorney's fees are reasonable, the Court grants the motion for EAJA fees, Doc. 31; awards her $5581.55 in attorney's fees; and directs the Clerk of Court to enter judgment for Heather Cerbasi and against the Commissioner in the amount of $5581.55 in attorney's fees.

The Court leaves to the Commissioner's discretion whether to accept Cerbasi's assignment of EAJA fees to Fugate after determining if she owes a federal debt. *See* Doc. 31 at 2, Doc. 31-3.

**Ordered** in Jacksonville, Florida, on December 16, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of record

5